## Di Marco v. Monterezza.

*Contract—Fraud—Joint purchase of real estate—Payment of instalments.*

Where it appears that plaintiff and defendant agreed jointly to purchase real estate, that plaintiff paid down a sum stated upon the representation by defendant that he would make certain payments and would sell sufficient lots to meet future instalments required to be paid, but the amount of which was not stated, plaintiff has the right to have her claim to recover the amount paid by her submitted to a jury in an action of deceit, where she avers that the original contract between herself and defendant had been exchanged for a new contract on representations made to her by defendant that he had arranged with the vendors to pay a stated sum per month and that plaintiff would not be called upon by the vendors to pay such instalments, that such representations were false, that defendant had not paid the instalments and the contract had been forfeited by the vendors, and that plaintiff had lost the original amount which she had paid.

Affidavit of defence raising questions of law. C. P. No. 5, Phila. Co., Dec. T., 1925, No. 14028.

M. A. *Spatola*, for plaintiff; P. L. *Leidy*, for defendant.

MARTIN, P. J., June 28, 1926.—This action is one in trespass for deceit. Plaintiff's statement avers that she and defendant entered into an agreement for the purchase of lots of ground in New Jersey; that she paid $2000 on account of the price, which payment was made in reliance upon the representation by defendant that he would make certain payments and would sell a sufficient number of the lots to meet future instalments required to be paid under the contract of purchase; that in the original contract the amount of the monthly instalments to be paid was not set forth, but this contract was exchanged for another contract in which the instalments were fixed at $500 a month for a certain period following the execution of the contract, and it is averred that at the time the contracts were exchanged, defendant represented to plaintiff that he had arranged with the vendors that she would not be required to pay the instalments and no demand would be made upon her for such payments, as he had an understanding with the vendors to take care of necessary payments up to the sum of $2000 upon his return from Italy; that the exchange of contracts was made in reliance upon these representations, and that the representations were not true.

Defendant filed an affidavit of defence, alleging as a question of law, that the averments of the statement of claim are not sufficient to sustain an action for deceit.

A false representation to sustain an action of deceit must be respecting some past or existing fact. Opinions or promises to do something in the

future cannot be made the basis of an action for fraud. Defendant's representations to pay future instalments and to sell sufficient real estate to meet the future instalments may not be fraudulent, but the averment that he represented to plaintiff that he had arranged with the vendors for a credit of $2000 and that the monthly instalments would not be called until the following June, upon the faith of which statements plaintiff exchanged the contract in which there was no specific sum required to be paid by her monthly for one in which a monthly payment of $500 was necessary, and the averment that the payments were not made but that the contract was declared forfeited and the $2000 which plaintiff paid on account was retained by the vendors as liquidated damages by reason of no arrangement having been made by defendant with the vendors, are allegations indicating fraud upon the part of defendant sufficient to sustain the action.

And now, to wit, June 28, 1926, the affidavit of defence raising questions of law not sustained. Defendant is given fifteen days to file a defence to the averments of fact in the statement of claim.